### 40877. CULLENS v. STERLING DISCOUNT CORPORATION.

EBERHARDT, Judge. 1. Where A entered into a contract with a financial institution guaranteeing to it all obligations thereafter incurred by B to it arising from credit extended to B and/or Old South Motor Company, either directly or indirectly, and whether as principal debtor, endorser, guarantor, or otherwise, not exceeding a liability of $15,000, and B then executed notes to the financial institution signing them "B, individually and d/b/a Old South Motor Company," it is not a good ground of defense to an action against A on the contract that after it was executed B had taken his wife in as a partner with him in Old South Motor Company. Whether it would have amounted to an increase in the risk of A, thus relieving him, had the obligation been that of the partnership rather than of B individually, need not be decided since the notes specifically obligated B in his individual capacity. It would appear that the addition of Old South Motor Company as an obligor on the notes afforded greater security, if anything, to the principal debt and this should not relieve a surety or guarantor of his liability.

2. For the reason stated above there was no error in admitting in evidence the notes executed by B, individually and d/b/a Old South Motor Company.

3. Notice was given to B and his wife for the purpose of binding them for the payment of attorney's fees as provided in the notes in compliance with *Code Ann.* § 20-506, as amended, and a notice was given to A in compliance with the provision in the guaranty agreement calling for payment by him of the guaranteed obligations three days after receipt of notice requesting payment in which his attention was called to the provision in the notes obligating B to pay attorney's fees. These notices were properly admitted in evidence. Compliance with *Code Ann.* § 20-506 as to B bound him for the

payment of the 15 percent attorney's fees as provided in the note as a part of the original obligation and the fees were thus a portion of the obligation for which A. became liable under the guaranty agreement. Proof of compliance with the Code section in binding B and of compliance with the agreement in binding A was a proper part of the plaintiff's case.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 24, 1964.

*Claude Hambrick*, for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin, Robert R. Harlin*, contra.